FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 03, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PRAVEEN KEVIN KHURANA,<br><br>Appellant,<br><br>v.<br><br>AUTO-OWNERS INSURANCE COMPANY, et al.,<br><br>Appellees. | NO. 2:25-CV-0461-TOR<br><br>ORDER DISMISSING THIS CASE AS DUPLICATIVE |

BEFORE THE COURT is Appellant's Bankruptcy Appeal (ECF No. 1).

Pursuant to 28 U.S.C. § 158, this Court has jurisdiction over bankruptcy appeals

from final judgments, interlocutory orders under 11 U.S.C. § 1121, and with leave

of the Court, from other interlocutory orders.  28 U.S.C. § 158(a).

Appellant filed numerous appeals for the same bankruptcy case.  ECF No. 1.

Plaintiffs "generally have 'no right to maintain two separate actions involving the

same subject matter at the same time in the same court and against the same

defendant.'"  *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th

ORDER DISMISSING THIS CASE AS DUPLICATIVE ~ 1

Cir. 2007) (citation omitted), *overruled in part on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008).  To determine when an action is duplicative of prior litigation, the Ninth Circuit uses "the transaction test, developed in the context of claim preclusion."  *Id.* at 689.  In applying the transaction test, courts examine four criteria:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Id.* at 689.

This appeal results from the same bankruptcy case as multiple other district court cases: *In re: Khurana*, 2:25-cv-0461-TOR, *In re: Khurana*, 2:25-cv-0430, *In re: Khurana*, 2:25-cv-00431, *In re Khurana*, 2:25-cv-00432, etc.  While some of the appeal notices refer to different or additional issues or orders, they arise from the same bankruptcy case.  The outcome of *In re: Khurana*, 2:25-cv-0374-TOR would affect the outcome of this case and related cases.  For these reasons, the case is duplicative and must be dismissed.  However, if Appellant wishes to add, modify, or remove information or issues, Appellant must pursue this in the original case not in duplicative matters.

ORDER DISMISSING THIS CASE AS DUPLICATIVE ~ 2

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. This case is **DISMISSED** as duplicative of the case at 2:25-cv-0347-TOR.

2. All pending motions are **DENIED** as moot.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED March 3, 2026.



           THOMAS O. RICE
United States District Judge

ORDER DISMISSING THIS CASE AS DUPLICATIVE ~ 3